UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| ADAM COMBS, | ) |
| Plaintiff, | ) Civil Action No. 2:22-CV-1-CHB |
| v. | ) |
| LT. HILTON HUMPHREY, et al., | ) **OPINION AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Adam Combs is an inmate currently confined at the Meade County Detention Center. Combs has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order. Because Combs is proceeding as a *pauper* and is a prisoner suing government officials, the Court must review his Complaint prior to service of process. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Combs indicates that from March 2021 through late December 2021, he was confined at the Kenton County Detention Center ("KCDC") in Covington, Kentucky. [R. 1–2 at 1]. During that period, he had listed his religious affiliation as Jewish, and was accordingly receiving Kosher meals from the jail. *Id*. That abruptly changed, Combs says, on December 22, 2021, when an unidentified staff member at KCDC told him that he had been removed from the Kosher meal list. *Id*. Combs was also told – again, Combs does not say by whom – that he could not be returned to the list until he had satisfied the jail's chaplain and rabbi that he was, in fact, Jewish. [R. 1 at 4–5]. Combs states that he immediately filed four inmate grievances on the subject. *Id*. at 7. The next day, KCDC Officer Hilton Humphrey denied all of the grievances and told

Combs that he must talk to the chaplain and rabbi as directed. *Id.* at 6–8; *see also* [R. 1–2 at 1–2].

Combs filed his Complaint the next day. *See* [R. 1 at 11]. Combs contends that this verification requirement violated his right to the free exercise of his religious beliefs in violation of his rights under the First and Eighth Amendments to the United States Constitution, as well as Section 5 of the Kentucky Constitution. Combs names Humphrey as a defendant in both his individual and official capacities. Combs also names KCDC Jailer Marc Fields as a defendant in his official capacity, asserting that he "is also guilty of the same thing because he is over this so called organization." [R. 1–2 at 2]. Combs seeks $2 million in damages. [R. 1 at 2–5]

The Court has reviewed the Complaint and concludes that it must be dismissed. With respect to KCDC Jailer Marc Fields, Combs sues him only in his official capacity. A claim asserted against a government employee in his "official capacity" is, in fact, one directed solely against the government agency that employs the individual. *Lambert v. Hartman*, 517 F.3d 433, 439–40 (6th Cir. 2008). Fields is an employee of Kenton County, Kentucky, and therefore this claim is in actuality asserted against the county. But a county government is only liable under § 1983 when its employees cause injury by carrying out the county's formal policies or practices. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff must therefore specify in his complaint the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Combs does not allege in his Complaint that Fields (or Humphrey) acted pursuant to any such policy. His allegations therefore fail to state a claim under § 1983 against either defendant in their official capacity. *Bright v. Gallia Cty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga Cty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Even if Combs intended to sue Fields in his individual capacity, such a claim would have to be dismissed as well.  Combs contends that Fields is liable because he is in charge of the jail.  But this is incorrect: a supervisory official is not vicariously liable for the actions of his subordinates; instead, he must have directly and actively participated in the unconstitutional conduct.  *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016).  And "damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."  *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 899 (6th Cir. 2019).  Combs's complaint contains no such allegations, and therefore fails to state a claim against Fields in his individual capacity.

The individual capacity claims against Officer Humphrey fail for essentially the same reason.  Combs does not allege that it was Humphrey who took him off the Kosher food list, only that he denied several grievances that Combs filed regarding the issue.  Without more, merely denying an inmate grievance does not constitute the kind of personal involvement with the underlying conduct required to state a plausible constitutional claim.  *Cf. Mann v. Mohr*, 802 F. App'x 871, 876 (6th Cir. 2020); *Reed-Bey v. Pramstaller*, 607 F. App'x 445, 451 (6th Cir. 2015) ("The denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983.") (cleaned up).  The Complaint therefore does not set forth sufficient allegations against Officer Humphrey to proceed.  For each of these reasons, the Court will dismiss the Complaint for failure to state a federal claim.

Finally, Combs asserts that the defendants' conduct violated his rights under Section Five of the Kentucky Constitution.  The Court does not reach the merits of this claim.  A district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has

dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims upon initial review, the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction over any claim under the Kentucky Constitution. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims."). The Court will therefore dismiss the plaintiff's state law claims without prejudice.

The Court being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

1. All claims arising under federal law in Combs's complaint **[R. 1]** are **DISMISSED** with prejudice. Any and all claims arising under Kentucky law are **DISMISSED** without prejudice.

2. This matter is **STRICKEN** from the docket.

This the 25th day of January, 2022.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY